IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TAMARA MELLON BRAND, LLC, ) | Case No. 15-12420 (KG) |
| ) | |
| Debtor.[1] ) | **Re: D.I. 12** |
| ) | |

**ORDER (A) SCHEDULING A COMBINED HEARING ON DEBTOR'S DISCLOSURE STATEMENT AND PLAN CONFIRMATION, (B) ESTABLISHING AN OBJECTION DEADLINE AND PROCEDURES FOR OBJECTING TO THE DISCLOSURE STATEMENT, PLAN AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING SOLICITATION PROCEDURES, (D) APPROVING THE FORM AND NOTICE OF THE COMBINED HEARING, AND (E) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"), of Tamara Mellon Brand, LLC (the "Debtor"), the above-captioned debtor and debtor-in-possession, for entry of an order (the "Scheduling Order") (a) scheduling a combined hearing (the "Combined Hearing") on the (i) adequacy of the Disclosure Statement for Debtor's Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "Disclosure Statement") and (ii) confirmation of the Debtors' Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan");[2] (b) establishing a deadline and procedures for filing objections to the Disclosure Statement and the Plan, including the proposed assumption pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") of certain of the Debtor's executory contracts and unexpired leases (respectively, the "Executory Contract" and "Unexpired Leases") and the payment of cure amounts associated therewith (the "Cure Amounts"), if any; (c) approving the

---

[1] The last four digits of the Debtor's federal tax identification number are 7426. The Debtor's address is 660 Madison Avenue, New York, NY, 10065.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, Plan and/or the Disclosure Statement, as applicable.

solicitation procedures (the "Solicitation Procedures") used in connection with the Debtor's prepetition solicitation of the Plan described below and further discussed in the Disclosure Statement; (d) approving the form and manner of notice of the Combined Hearing; and (e) granting related relief, all as more fully described in the Motion; and upon consideration of the Declaration of Tamara Mellon in Support of Debtor's Voluntary Chapter 11 Petition and First Day Motions (the "First Day Declaration"), and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided to the parties set forth in the Motion and no further notice being necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtor, its estate, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court, the Court hereby ORDERS that:

1. The Motion is granted to the extent set forth herein.

2. A hearing to consider compliance with disclosure and solicitation requirements, including approval of the Disclosure Statement, and confirmation of the Plan (the "Combined Hearing") is hereby scheduled to be held before this Court on **January** _15_, **2016 at** _2:00 p.m._ **(Eastern Time)**.

3. The Combined Hearing may be adjourned from time to time by the Court or the Debtor without further notice except for announcement of the adjourned date or dates in open court at the Combined Hearing (or any adjournment thereof) or by filing on the Court's docket a notice of such adjournment.

4. Any objections to the Disclosure Statement, method of solicitation, and/or the Plan shall be in writing, filed with the Clerk of the United States Bankruptcy Court for the District of Delaware together with proof of service thereof, set forth the name of the objector, the nature and amount of any claim or equity interest asserted by the objector against the estate or property of the Debtor, state with particularity the legal and factual basis for such objection, comply with the Bankruptcy Rules and the Local Rules and be served upon the following so as to be actually received no later than **4:00 p.m. (Eastern Time)** on January 8, **2016** (the "Objection Deadline"): (a) attorneys for the Debtor, Morris, Nichols, Arsht and Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19899-1347, Facsimile (302) 658-3989, Attn: Derek C. Abbott; (b) Office of the United States Trustee for the District of Delaware; and (c) attorneys to the postpetition lender.

5. Any objections not timely filed and served in the manner set forth in this Order may, in the Court's discretion not be considered and may be overruled.

6. The deadline for the Debtor and other parties in interest to file and serve replies to an objection is **4:00 p.m. (prevailing Eastern Time)** on January 13, 2016 (the "Reply Deadline").

7. Notice of the Combined Hearing as proposed in the Motion and the form of notice attached hereto as <u>Exhibit 1</u> shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given; <u>provided, however,</u> that any provision of Bankruptcy Rule

3

3017(d) requiring the Debtor to distribute the Disclosure Statement and the Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Plan, or any parties in interest other than as prescribed in this Order, is waived.

8. The mailing and publication of the Confirmation Hearing Notice as set forth in the Motion and herein is sufficient notice of the commencement of this chapter 11 case, the Combined Hearing, the Objection Deadline and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement and/or interpretation of this Order.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Dated: December 8, 2015  
       Wilmington, Delaware

THE HONORABLE KEVIN GROSS  
UNITED STATES BANKRUPTCY JUDGE