## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TAMARA MELLON BRAND, LLC, | ) | Case No. 15-12420 (KG) |
| | ) | |
| | ) | **Hrg. Date: January 15, 2016 @ 2:00 p.m.** |
| Debtor. | ) | **Obj. Deadline: January 8, 2015 @ 4:00 p.m.** |
| | ) | **Re: Docket No. 3** |

### UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S PREPACKAGED PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (D.I. 3)

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), hereby objects to the *Debtor's Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").[1]

### PRELIMINARY STATEMENT

The Plan cannot be approved as filed for at least three reasons. First, the Plan unlawfully extends exculpation to non-estate fiduciaries, including holders of equity. Second, the Plan improperly provides for claims filing, objection, and disallowance procedures in the definitions, while providing in other Plan provisions that all filed claims will be disallowed on the Effective Date. Finally, the Plan allows the Debtor to avoid quarterly fees due to the U.S. Trustee by failing to provide that fees will be paid until the Debtor's case is closed. Absent additional evidence or amendments consistent with these concerns, the Court should deny confirmation of the Plan.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning and context as those capitalized terms included in the referenced or cited document or pleading.

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this objection.

2. Pursuant to 28 U.S.C. § 586(a)(3), the "U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the "U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the "U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest).

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised in this objection.

**FACTUAL BACKGROUND**

4. On December 2, 2015 (the "Petition Date"), Tamara Mellon Brand, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Code (D. I. 1).

5. The Debtor's petition was accompanied by a prepackaged disclosure statement and plan of reorganization, which had been accepted by 100% of the creditors entitled to vote. (D.I. 3 & 4).

6. On December 8, 2015, the Bankruptcy Court scheduled a hearing to consider confirmation of the Debtor's plan for January 15, 2016.

7. No official committee has been appointed in this case.

**Exculpation Provision**

6.   The Plan provides for exculpation for certain parties as follows:

Notwithstanding anything herein to the contrary and to the extent permitted by applicable law, the Exculpated Parties[2] shall neither have nor incur any liability to any Entity for any Restructuring-Related Action; provided that nothing in the foregoing "Exculpation" shall exculpate any Entity from any liability resulting from any act or omission that is determined by Final Order to have constituted fraud, willful misconduct, gross negligence, or criminal conduct; provided that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.

Notwithstanding anything herein to the contrary, as of the Effective Date, pursuant to section 1125(e) of the Bankruptcy Code, the Solicitation Parties upon appropriate findings of the Bankruptcy Court will be deemed to have solicited acceptance of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, in the offer, issuance, sale, or purchase of a security, offered or sold under the Plan of a Reorganized Debtor, and shall not be liable to any Entity on account of such solicitation or participation.

In addition to the protections afforded in this Article VII.F to the Exculpated Parties, and not in any way reducing or limiting the application of such protections, the Bankruptcy Court retains exclusive jurisdiction over any and all Causes of Action asserted against any Debtor for any Restructuring-Related Action that are not otherwise exculpated or enjoined by this Plan

Plan, Article VIII, Section E (the "Exculpation Provision").

**LAW AND ANALYSIS**

**A.   General Standards**

7.   In order to obtain confirmation, a plan proponent has the burden to establish compliance with all the requirements of section 1129(a) of the Bankruptcy Code (the "Code").  *See* 11 U.S.C. § 1129(a). The plan proponent bears the burden of proof with respect to

---

[2]   The full list of "Exculpated Parties" can be found in the Plan at Article I, Section A, Paragraph 32.

each and every element of section 1129(a).  *See In re Genesis Health Ventures, Inc.*, 266 B.R. 591 (Bankr. D. Del. 2001).

**B.     The Exculpation Provision is Overbroad and Contrary to Applicable Law**

        8.     Article VII, Section F of the Plan exculpates:

(a)     the Debtor;

(b)     NEA; and

(c)     with respect to the Debtor, its former officers, members, managers, directors, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents and other representatives, and, with respect to NEA, its current and former officers, members, general partners, limited partners, affiliates, managers, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents and other representatives.

*See* Plan, Article I(A)(32) and Article VII(F).

        9.     As stated by the Court in *In re Washington Mutual, Inc.*, 442 B.R. 314 (Bankr. D. Del. 2011) an "exculpation clause must be limited to the *fiduciaries* who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers."  *Id.* at 350-51 (emphasis added). Other courts within this District, including this one, have agreed. *See ASHINC Corporation, et al. (f/k/a Allied Systems Holdings, Inc.)*, Case No. 12-11564-CSS; *see also In re Tribune Company,* 464 B.R. 126 (Bankr. D. Del. 2011) (Carey, J.).

        10.     These conclusions are consistent with *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000). The issue in *PWS* was whether an official committee of unsecured creditors could receive exculpation.  As described by Judge Shannon in *In re PTL Holdings LLC*, 2011 Bankr. LEXIS 4436 (Bankr. D. Del. Nov. 10, 2011)*:*

> In reaching its conclusion, the *PWS* court examined § 1103(c) and noted that the section "has been interpreted to imply both a fiduciary duty to committee

> constituents and a limited grant of immunity to committee members." "This immunity," the court found, "covers committee members for actions within the scope of their duties." The *PWS* court's reasoning thus implies that a party's exculpation is based upon its role or status as a fiduciary. That is why, as the *Washington Mutual* court pointed out, courts have permitted exculpation clauses insofar as they "merely state[] the standard to which ... estate fiduciaries [a]re held in a chapter 11 case." That fiduciary standard, however, applies only to estate fiduciaries, "no one else."

*PTL Holdings* at * 37-38 (citations omitted).

11. Here, the definition of Exculpated Parties includes a wide range of non-estate fiduciaries. First, current and former equity holders of the debtor are not considered estate fiduciaries based upon ownership status alone. Second, rank-and-file employees are not bound as estate fiduciaries in the same way as corporate management. Third, NEA, as the proposed exit lender, is decidedly not an estate fiduciary, nor are any of its related parties as set forth in the above definition. Fourth and finally, many of the covered parties in clause (c) of the above definition are not fiduciaries if their connection to the estate is through any source other than the Debtor.

12. Unless the Exculpation Provision is amended to remove all non-estate fiduciaries, the Plan should not be confirmed.

C. **The Plan's Definitions of "Allowed" and "Disputed" Are Problematic and Contradict Other Plan Terms**

13. The Plan provides for "Allowed" and "Disputed" claims as follows:

*Allowed*: means, (i) with respect to any Claim, (a) following any applicable deadline to object to Claims, any Claim as to which no objection or request for estimation has been filed prior to any applicable deadline to object to Claims, (b) a Claim that has been expressly allowed by Final Order, (c) a Claim as to which the Debtor or the Reorganized Debtor agree to the amount and/or priority thereof in writing, (d) a Claim that is expressly allowed pursuant to the terms of this Plan, or (e) a Claim that is listed in the Schedules (to the extent the Debtor files Schedules in

5

the Chapter 11 Case) as liquidated, non-contingent, and undisputed and (ii) with respect to any Equity Interest, such Equity Interest is reflected as outstanding in the stock transfer ledger or similar register of the Debtor on the Record Date and is not subject to any objection or challenge. If a Claim or Equity Interest is Allowed only in part, any provisions hereunder with respect to Allowed Claims or Allowed Equity Interests are applicable solely to the Allowed portion of such Claim or Equity Interest. *For the avoidance of doubt, (a) there is no requirement to file a proof of Claim (or move the Court for allowance) for it to be an Allowed Claim under the Plan (provided that holders of (i) Fee Claims shall be required to file applications for allowance and payment of their Fee Claims in accordance with Article II.B hereof and (ii) Administrative Claims that are not based on liabilities incurred by the Debtor in the ordinary course of business shall be required to move the Court for allowance and payment of their Administrative Claims) and (b) Unimpaired Claims shall be Allowed to the same extent such Claims would be allowed under applicable nonbankruptcy law.*

Plan, Article I, Section A., paragraph 4.

*Disputed*: means, with respect to any Claim or Equity Interest, other than a Claim or Equity Interest that has been Allowed pursuant to the Plan or a Final Order, a Claim or Equity Interest (i) that is listed in the Schedules (to the extent the Debtor files Schedules in the Chapter 11 Case) as unliquidated, contingent, or disputed, and as to which no request for payment or proof of Claim or Equity Interest has been filed, (ii) as to which a proper request for payment or proof of Claim or Equity Interest has been filed, but with respect to which an objection or request for estimation has been filed and has not been withdrawn or determined by a Final Order, (iii) that is disputed in accordance with the provisions of the Plan, or (iv) that is otherwise subject to a dispute that is being adjudicated, determined, or resolved in accordance with applicable nonbankruptcy law. *For the avoidance of doubt, (a) there is no requirement to file a proof of Claim (or move the Court for allowance) for it to be an Allowed Claim under the Plan (provided that holders of (i) Fee Claims shall be required to file applications for allowance and payment of their Fee Claims in accordance with Article II.B hereof and (ii) Administrative Claims that are not based on liabilities incurred by the Debtor in the ordinary course of business shall be required to move the Court for allowance and payment of their Administrative Claims) and (b) Unimpaired Claims shall be Allowed to the same extent such Claims would be allowed under applicable nonbankruptcy law.*

Plan, Article I, Section A, paragraph 25.

14. However, Article III, Section A, paragraph 4 of the Plan provides as follows:

> *Disallowance of Claims*. **Except as provided herein or otherwise agreed, any and all proofs of Claim shall be deemed expunged from the claims register on the Effective Date without any further notice to or action, order, or approval of the Court and the Claim on which such proof of Claim was filed shall be determined, resolved, or adjudicated, as the case may be, in the manner as if the Chapter 11 Case had not been commenced and shall survive the Effective Date as if the Chapter 11 Case had not been commenced.**

Plan, Article III, Section A, paragraph 4.

15. These sections cannot be harmonized. The Debtor's inclusion of these confusing definitions, which are at odds with other material plan terms, is unnecessarily confusing. The Plan should not be confirmed unless the definitions of "Allowed" and "Disputed" are clarified and made internally consistent.

D. **The Plan Provision Regarding Payment of Quarterly Fees Is Insufficient.**

16. As currently drafted, the Plan provides that the Debtor may stop paying quarterly fees due to the U.S. Trustee upon entry of a final decree in this bankruptcy case. This is not an accurate statement of the Debtor's duties under applicable law. Rather, the Debtor is required to pay quarterly fees due to the U.S. Trustee until its case is closed, converted, or dismissed. Unless the Debtor amends the relevant Plan provision (Article II, Section E), the Plan should not be confirmed.

## **CONCLUSION**

17. As detailed above, the Plan is not confirmable because it seeks approval of certain relief that is contrary to applicable law and controlling precedent.

18. The U.S. Trustee leaves the Debtors to their burden and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or

modify this objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery and cross-examine any and all witnesses in support of the Plan.

**WHEREFORE,** the U.S. Trustee respectfully requests that this Court issue an order denying confirmation of the Plan consistent with this objection, and/or granting such other relief as this Court deems appropriate, fair and just.

Dated:  January 8, 2016  
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**  
**ACTING UNITED STATES TRUSTEE**

By: */s/ Hannah Mufson McCollum*  
    Hannah Mufson McCollum  
    Trial Attorneys  
    United States Department of Justice  
    Office of the United States Trustee  
    J. Caleb Boggs Federal Building  
    844 King Street, Room 2207, Lockbox 35  
    Wilmington, DE 19801  
    (302) 573-6491  
    (302) 573-6497 (Fax)